Food Town Stores v. Board of Alcoholic Control

FOOD TOWN STORES, INC., PETITIONER v. BOARD OF ALCOHOLIC
CONTROL OF THE STATE OF NORTH CAROLINA, RESPONDENT

No. 8010SC238

(Filed 7 October 1980)

**Intoxicating Liquor § 2.8– retail wine permit — stocking of shelves by wholesaler
— no violation of regulation**

Evidence that employees of a wine wholesaler restocked the shelves in
petitioner wine permittee's store was insufficient to support a finding that
petitioner violated a retail wine regulation providing that no permittee
"shall *require* by agreement or otherwise" any wholesaler to give services,
money, equipment, fixtures, free products or other things of value, including
stocking and pricing of merchandise.

APPEAL by petitioner from *Canaday, Judge.* Judgment entered 20 December 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 11 September 1980.

Notice was received by petitioner to appear before the hearing officer of the North Carolina Board of Alcoholic Control to show cause why its Retail Beer and Wine permits should not be suspended or revoked for the alleged following violation:

1. Inducement of services, requiring by agreement or otherwise from a wholesaler "Blue Ridge Wholesale Wine Co., Inc., 2220 Thrift Road, Charlotte, N.C." things of value with which the business of said retailer is or may be conducted (stocking of merchandise) upon your licensed premises on or about August 28, 1978, 11:35 p.m. in violation of Retail Wine Regulation 4 NCAC 2J .0106(H)(1).

Evidence presented at the hearing was as follows: State and federal alcohol enforcement agents set up a surveillance of a Food Town in Charlotte on 28 August 1978. Around 10:45 p.m., they saw the general manager of Blue Ridge distributors, a Blue Ridge salesman, and two other men standing in the wine section. The manager, William Ronemus, and the salesman were cleaning shelves and putting wine bottles on the shelves. The agents entered the store and the two unidentified men turned out to be another Blue Ridge salesman and the Food Town assistant manager. Diagrams of shelving arrangements found in Ronemus' notebook and photographs of the scene were introduced. Ronemus admitted to two different agents that

they had caught him and asked what would happen. The agent who had investigated Ronemus' application for a permit thought that he was honest and trustworthy.

Petitioner presented evidence that Ronemus had approached the area supervisor for Food Town, Evans, to propose a rearrangement of the wine shelves. Food Town had been grouping the wines by distributors, and Blue Ridge felt that a grouping by the type of wine would produce more sales. Food Town had not requested the information and did not suggest that Blue Ridge rearrange the bottles. No distributor would gain or lose shelf footage, but Blue Ridge would lose its prominent location on the display. Ronemus was sure, however, that sales of all wine would improve. Food Town approved the new display for one store, and Evans and Ronemus agreed to rearrange the shelves after closing. Evans planned to do the work, but felt that he did not know enough about wines and wanted Ronemus present for advice. The Blue Ridge personnel arrived at the store and waited for Evans, but he was detained by personal problems and did not arrive. Ronemus was eager to show that the new grouping would improve sales, so he and his co-workers went ahead with the work. Food Town had not requested that they do the work and had offered them no inducements. Ronemus was fired soon after this incident because his company was concerned with obeying regulations.

Based on this evidence the hearing officer found that petitioner had violated regulations in that petitioner "did ..., induce the services of the Blue Ridge Wholesale Wine Company by agreeing and otherwise allowing the said wholesaler ... to stock and reshelve merchandise ... in violation of Retail Wine Regulation 4 NCAC 2J .0106(H)(1)." The State Board of Alcoholic Control adopted the hearing officer's findings and suspended petitioner's ABC permits for 15 days.

Upon appeal to the Wake County Superior Court the Board's decision was affirmed but enforcement of the order was stayed pending appeal.

*Attorney General Edmisten, by Special Deputy Attorney General David S. Crump, for the State.*

*Thomas M. Caddell for petitioner appellant.*

ARNOLD, Judge.

Food Town Stores v. Board of Alcoholic Control

The respondent, in an excellent brief and argument by the Special Deputy Attorney General, points out that there is no dispute that employees of Blue Ridge restocked the shelves in petitioner's store, and that an agreement may be inferred from the conduct of the parties.

We are constrained, however, to look at the regulation which petitioner is alleged to have violated, Retail Wine Regulation 4 NCAC 2 J .0106(h)(1). That regulation is as follows:

> (h) Services and Inducements Prohibited. No retail wine permitee shall require by agreement or otherwise, any wholesaler, importer, manufacturer, winery or bottler to give or loan any money, services, equipment, furniture, fixtures, free wine products, or other things of value with which the business of said retailer is or may be conducted. For the purposes of this Regulation, 'things of value' include, but are not limited to:
>
> > (1) free services such as installation, repair, and maintenance of equipment, installation, of outdoor signs, stocking and pricing of merchandise, .... .

The regulation provides that no permittee "shall require by agreement or otherwise" any wholesaler to give services, money, equipment, furniture, fixtures, free products or other things of value.

A review of the record indicates no evidence which could support a finding that petitioner *required* that Blue Ridge furnish services or anything of value. As petitioner points out it was not charged with violation of another regulation which prohibits permittees from accepting services from wholesalers.

It is unnecessary to discuss petitioner's remaining contentions since the judgment of the Superior Court of Wake County is

Reversed.

Judges ERWIN and WELLS concur.